IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| **DAVID HARWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 1:08-0060 |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the United States' oral Motion to Dismiss for Failure to Prosecute, which was presented during the Pretrial and Final Settlement Conference on April 28, 2009. (Document No. 33.) By Order entered on April 30, 2009, the Court notified Plaintiff that he had the right to file a response to the United States' Motion. (Document No. 34.) Plaintiff has filed a Response to the United States' Motion. (Document No. 37.) Having thoroughly examined the record in this case, the undersigned finds that the United States' Motion to Dismiss for Failure to Prosecute should be denied.

## FACTS AND PROCEDURE

On January 25, 2008, Plaintiff, acting *pro se*, filed a Complaint and Application to Proceed Without Prepayment of Fees.[1] (Document Nos. 1 and 2.) In his Complaint, Plaintiff alleges liability of the United States and the Warden and three Correctional Officers at FPC Alderson under the Federal Tort Claims Act [FTCA], 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2671, *et seq.*, for the negligent acts and omissions of persons responsible for clearing ice and snow from the visitors'

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

parking lot at FPC Alderson. (Document No. 1.) As a result of his fall, Plaintiff claims that his "finger will not completely straighten or close, making a deformity with his hand, thus daily and 'normal' tasks are difficult and some impossible to do." (Id., p. 6.) In support of his Complaint, Plaintiff attaches the following: (1) A letter from Angela McCormick; (2) A declaration from Edward Swaim, Jr.; and (3) A letter from Randi Marcum. (Id., pp. 13 - 17.) Plaintiff seeks compensatory and punitive damages. (Id., p. 6.)

By Order filed on May 2, 2008, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and directed the Clerk to issue a Summons requiring the United States to file an Answer or otherwise respond to the Plaintiff's Complaint.[2] (Document No. 4.) On May 14, 2008, the United States filed a Motion to Dismiss Individual Defendants and Substitute the United States. (Document No. 6.) On July 1, 2008, the United States filed its Answer denying Plaintiff's allegations of negligence. (Document No. 9.) By Order and Notice entered on July 16, 2008, the District Court set forth specific dates on which certain events must occur. (Document No. 10.) Also on July 16, 2008, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the United States' Motion to Dismiss Individual Defendants. (Document No. 11.) The parties filed their "Rule 26(f) Report of Planning Meeting" on August 20, 2008. (Document No. 13.) In the Rule 26(f) Report, the parties consented "to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment." (Id., p. 3.) On September 9, 2008, the undersigned conducted a Scheduling Conference. (Document Nos. 17 and 18.) The Court entered

---

[2] The undersigned did not require the Clerk to issue Summonses for the persons named individually as Defendants in Plaintiff's Complaint because the United States is the only party that can properly be sued under the FTCA. *See* 28 U.S.C. § 2674.

its Scheduling Order, which set forth specific dates on which certain events must occur which included the Rule 26(a)(3) disclosures, submission of Plaintiff's portion of the proposed integrated pretrial order, and the Pretrial and Final Settlement Conference.

By Order entered on September 26, 2008, the undersigned granted the United States' Motion to Dismiss Individual Defendants. (Document No. 19.) On October 15, 2008, Plaintiff filed a Response to the United States' Answer. (Document No. 20.) On January 29, 2009, the United States filed a Motion for Summary Judgment. (Document No. 22.) In support of the Motion, the United States attaches the following: (1) The deposition of David Harwood (Document No. 22-2.); (2) The Declaration of Sr. Officer Wendy Honaker (Document No. 22-3.); and (3) The Declaration of Lt. Dale Oakes (Document No. 22-4.). On July 16, 2008, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the United States' Motion for Summary Judgment. (Document No. 24.) On February 18, 2009, Plaintiff filed his Response in opposition to the United States' Motion for Summary Judgment. (Document No. 25.) On February 25, 2009, the United States filed a Reply. (Document No. 26.)On March 9, 2009, Plaintiff filed his "Response to the United States' Reply." (Document No. 27.) On March 11, 2009, the United States filed a "Motion to Strike Plaintiff's Surreply." (Document No. 28.) On April 6, 2009, Plaintiff filed a letter-form Motion for Appointment of Counsel. (Document no. 31.)

A Pretrial and Final Settlement Conference was scheduled in this case on April 28, 2009. (Document No. 18.) Plaintiff was required to appear in person or by counsel and did not do so. The United States appeared by Stephen Horn, Assistant United States Attorney, and Lara Crane, Special Assistant United States Attorney. During the conference, the United States made an oral Motion to Dismiss for Failure to Prosecute. The United States argued that dismissal was appropriate based

3

upon Plaintiff's (1) failure to submit his Rule 26(a)(3) disclosures, (2) failure to submit his portion of the proposed integrated pretrial order, and (3) failure to appear for the Pretrial and Final Settlement Conference. (Document No. 33.) By Order entered on April 30, 2009, the Court notified Plaintiff of his right to file a response to the United States' Motion. (Document No. 34.)

On May 6, 2009, Plaintiff has filed his letter-form Response to the United States' Motion to Dismiss for Failure to Prosecute. (Document No. 37.) Plaintiff states as follows:

> I am very sorry about the court's loss of time on the 28th of April, 2009. Had I have known, I would have walked to be there. I thought that I would be notified by U.S. Mail anytime I would have to appear. Also I received the attached notice from United States Attorney Stephen M. Horn that his client, the United States government, did not wish to make an offer of settlement. I sincerely wish to prosecute this case. The motion I filed for a Court appointed lawyer was for this very reason. I understand some things, but most of it I don't. Again, I am very sorry for the court's loss of time because I was not there. I pray you will allow me to continue with this case.

(Id.) On May 7, 2009, the United States filed its "Reply in Support of its Motion to Dismiss for Failure to Prosecute." (Document No. 38.) Specifically, the United States contends that (1) during the Scheduling Conference, "Plaintiff was cautioned that even though he was proceeding *pro se*, he would be required to comply with all the Scheduling Order requirements and deadlines;" (2) Plaintiff clearly received a copy of the Court's Scheduling Order; (3) "Plaintiff's failure to make the necessary pretrial disclosures is not only a violation of the Scheduling Order but prejudices the United States because the United States lost its right to make any objection to those disclosures;" and (4) "Plaintiff offers no explanation why he failed to participate in preparing the Pretrial Order." (Id., pp. 1 - 3.) Therefore, the United States argues that "Plaintiff has failed to provide any 'good cause' as to why he failed to keep in contact with the court about his Scheduling Order Obligations of attendance at conferences and pretrial disclosures or why he failed to participate in preparing a

timely Pretrial order after receiving a written draft and deadline reminder." (Id., p. 3.)

## ANALYSIS

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [3] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*. See Link v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff,
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and

---

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:

**(b) Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In considering the first factor, the Court finds that the Plaintiff's degree of personal responsibility weighs in favor of dismissal. Although Plaintiff states that he thought the Court would notify him when his appearance was necessary, Plaintiff was provided with a copy of the Scheduling Order that clearly sets forth certain deadlines and hearing dates. Therefore, Plaintiff is responsible for his failure to comply with the deadlines and hearing dates set forth in the Scheduling Order.

In considering the second factor, the undersigned finds that the amount of prejudice caused to the United States is minimal in the instant action. The United States contends that Plaintiff (1) failed to submit his Rule 26(a)(3) disclosures, (2) failed to submit his portion of the proposed integrated pretrial order, and (3) failed to appear for the Pretrial and Final Settlement Conference. The United States fails to indicate how it was prejudiced by Plaintiff's failure to submit his portion of the proposed integrated pretrial order and his failure to appear for the Pretrial and Final Settlement Conference.[4] The United States, however, contends that it was prejudiced by Plaintiff's failure to make the necessary pretrial disclosures "because the United States lost its right to make any objection to those disclosures." The undersigned notes that even though Plaintiff did not provide his Rule 26(a)(3) disclosures, Plaintiff attached statements from three witnesses to his Complaint and states in his Response to the United States' Motion for Summary Judgment that "[f]our eye witnesses' names, addresses and telephone numbers were provided by Plaintiff." (Document No. 1, pp. 13 - 17 and Document No. 25, p. 7.) Furthermore, there is no indication that there was a loss

---

[4] Plaintiff appears to be asserting that he did not believe his attendance at the Final Settlement conference was necessary based upon a letter from the United States stating that it did not wish to make an offer of settlement. (Document No. 37.)

of evidence or loss of memory by witnesses that would prejudice the defense in the instant case. Therefore, the undersigned finds that any prejudice caused by Plaintiff's failure to make his Rule 26(a)(3) disclosures could be remedied by requiring Plaintiff to make such disclosures and allowing the United States' time to make any objections. See Herbert v. Saffell, 877 F.2d 267, 270 (4th Cir. 1989)(finding that dismissal under Rule 41(b) improper where there was no evidence of deliberate delay and no evidence that the untimely filings prejudiced defendants).

In considering the third factor, the undersigned finds that Plaintiff does not have a history of deliberately proceeding in a dilatory fashion. The undersigned notes that no motions to compel have been filed in the instant action. With the exception of the three instances listed above, Plaintiff, who is acting *pro se*, has substantially complied with the Court's orders and adequately prosecuted his case. Specifically, Plaintiff attended and participated in the Rule 26 meeting, attended and participated in the Scheduling Conference, gave his deposition, and filed Responses to the United States' Motion for Summary Judgment and Motion to Dismiss for Failure to Prosecute. Clearly, the record does not support a finding that Plaintiff is acting in bad faith or deliberately engaging in dilatory tactics.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The Fourth Circuit has stated that involuntary dismissal under Rule 41(b) "is such a harsh sanction . . . [that] it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976). The undersigned finds that the particular circumstances of this case do not warrant such a harsh sanction. The Court's Order entered on April 30, 2009, was Plaintiff's first explicit warning of dismissal for failure to prosecute. In view of Plaintiff's response filed on May

6, 2009, the undersigned finds that the warning of dismissal was effective and Plaintiff now appreciates the ramifications of failing to appear and failing to comply with the Court's Orders. Accordingly, the undersigned determines that this action should not be dismissed for failure to prosecute.[5]

Based on the foregoing, it is hereby **ORDERED** that the United States' oral Motion to Dismiss for Failure to Prosecute is **DENIED**. Plaintiff is **ORDERED** to make his Rule 26(a)(3)[6] disclosures by **Friday, June 5, 2009**. Following receipt of Plaintiff's Rule 26(a)(3) disclosures, the United States will have fourteen (14) days within which to file its objections. The Court will next consider the United States' Motion for Summary Judgment (Document No. 22.), Plaintiff's Response (Document No. 25.), the United States' Reply (Document No. 26.), Plaintiff's Response

---

[5] The undersigned notes that the United States asserts in its Reply that "should the court not dismiss this action, the United States will file a motion pursuant to Fed. R. Civ. P. 37(c) and seek an appropriate sanction." (Document No. 38, p. 3.) Thus, the Court will consider any such motion at a later date.

[6] Federal Rules of Civil Procedure 26(a)(3)(A) provides as follows:

In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:

    (i) the name and, if not previously provided, the address and telephone number of each witness – separately identifying those the party expects to present and those it may call if the need arises;

    (ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

    (iii) an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises.

to the United States' Reply (Document No. 27.) and the United States' Motion to Strike Plaintiff's Response to its Reply (Document No. 28.). If the Court determines that the United States' Motion for Summary Judgement should be denied, the Court will schedule this matter for further proceeding.

The Clerk is requested to mail a copy of this Order to Plaintiff, who is acting *pro se*, and counsel of record.

ENTER: May 27, 2009.

R. Clarke VanDervort
United States Magistrate Judge